**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

_____

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, | ) |
| UNITED STATES DEPARTMENT OF LABOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| | ) JURY TRIAL DEMANDED |
| RUBEN LEON, | ) |
| JOSE R. FLORES, | ) |
| JUAN P. GONZALEZ, | ) |
| | ) |
| and | ) |
| | ) |
| PLAZA AZTECA GREAT NECK, INC., | ) |
| PLAZA AZTECA JEFFERSON, INC. d/b/a PLAZA | ) |
| AZTECA RESTAURANTE MEXICANO (4), | ) |
| PLAZA AZTECA SUFFOLK, INC., | ) |
| PLAZA AZTECA GRANBY ST., INC., | ) |
| P.A. LASKIN, INC., | ) |
| PLAZA AZTECA SHORT PUMP, INC., | ) |
| DON VALERIO OF STERLING, INC. | ) |
| d/b/a PLAZA AZTECA STERLING, | ) |
| PLAZA AZTECA BROAD, INC., | ) |
| PLAZA AZTECA DOCK LANDING, INC., | ) |
| PLAZA AZTECA GAVIOTAS, INC., | ) |
| P.A. GLEN ALLEN, INC., | ) |
| PLAZA AZTECA HAMPTON, INC., | ) |
| MARTINEZ-HAYGOOD, INC. d/b/a | ) |
| PLAZA AZTECA MEXICAN RESTAURANTE, | ) |
| PA PROVIDENCE, INC., | ) |
| PA SEMINOLE INC., | ) |
| PLAZA AZTECA WARWICK, INC. d/b/a PLAZA | ) |
| AZTECA (NEWPORT NEWS CI), | ) |
| PA WAYNESBORO, INC., | ) |
| P.A. WESTCHESTER, INC., | ) |
| PA WILLIAMSBURG, INC., | ) |
| PLAZA AZTECA YORKTOWN, INC., | ) |
| PLAZA AZTECA INC. d/b/a PLAZA AZTECA | ) |
| RESTAURANTE MEXICANO (1), | ) |
| P.A. LEESBURG, INC., | ) |
| PLAZA AZTECA DENBIGH, INC., | ) |

PLAZA AZTECA NORFOLK OUTLET, INC.,               )
P.A. MIDLOTHIAN, INC.,                            )
SALSA'S THIMBLE SHOALS INC.,                      )
PA METHUEN, INCORPORATED,                         )
REBECO MEXICAN BAR AND GRILL CORP.,              )
PLAZA AZTECA SEEKONK, INC. d/b/a REBECO          )
MEXICAN BAR & GRILL,                             )
PLAZA AZTECA WASHINGTON MALL, INC.,             )
PLAZA AZTECA ROBINSON TOWNSHIP, INC.,           )
PLAZA AZTECA LANCASTER, INC,                     )
PLAZA AZTECA WYOMISSING, INC.,                   )
PLAZA STATE COLLEGE, INC.,                       )
TORO BUCKLAND, LLC d/b/a TORO AZTECA AND         )
PLAZA AZTECA MANCHESTER,                          )
PLAZA AZTECA OF MANCHESTER, INC.,               )
PLAZA AZTECA NEWINGTON, INC.,                    )
PLAZA AZTECA ENFIELD, INC.,                       )
MONTEREY OF CALIFORNIA, INC.,                    )
P. A. GREENVILLE INC.,                            )
PA OBX, INC.,                                     )
PLAZA AZTECA ELIZABETH CITY, INC.,              )
PLAZA AZTECA SICKLERVILLE, INC.,                )
PLAZA AZTECA KING OF PRUSSIA, INC.,             )
PLAZA AZTECA EXTON, INC.,                         )
PLAZA AZTECA KENNETT SQUARE, INC.,              )
PLAZA AZTECA PLYMOUTH MEETING, INC.,            )
                                                 )
all doing business as PLAZA AZTECA,             )
                                                 )
                                                 )
                        Defendants.              )
_____          )

## COMPLAINT

This case is fundamentally about a chain of 45 Mexican restaurants that for years stole hard-earned wages and tips from hundreds of employees. Because of these employers' unlawful wage-related practices, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin the corporate defendants, all of which are doing business as Plaza Azteca (the "Plaza Restaurants" or "Plaza Azteca restaurants"),[1] and

_____

[1] The corporate defendants are: PA Methuen, Incorporated, Rebeco Mexican Bar and Grill Corp.,

Defendants Ruben Leon, Jose Rafael Flores, and Juan Pablo Gonzalez, (the Plaza Restaurants and the aforementioned individuals collectively referred to as "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (the "FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees in liquidated damages. The Secretary seeks relief for all back of-the-house employees employed at the Plaza Restaurants and for front of-the-house and/or tipped employees at Plaza State College, Inc. and Plaza Azteca Wyomissing, Inc. only.

## I.   INTRODUCTION

1. Defendants, who operate a chain of Mexican restaurants throughout the United States, engaged in systematic and willful violations of the Act.

2. Under the direction of and with oversight from Defendant Ruben Leon and others, every Plaza Restaurant maintained a policy or practice of paying a predetermined pay amount

---

Plaza Azteca Seekonk, Inc. d/b/a Rebeco Mexican Bar & Grill, Plaza Azteca Washington Mall, Inc., Plaza Azteca Robinson Township, Inc., Plaza Azteca Lancaster, Inc, Plaza Azteca Wyomissing, Inc., Plaza State College, Inc, Toro Buckland, LLC d/b/a Toro Azteca and Plaza Azteca Manchester, Plaza Azteca of Manchester, Inc., Plaza Azteca Newington, Inc., Plaza Azteca Enfield, Inc., Monterey of California, Inc., P.A. Greenville Inc., PA OBX, Inc., Plaza Azteca Elizabeth City, Inc., Plaza Azteca Sicklerville, Inc., Plaza Azteca King of Prussia, Inc., Plaza Azteca Exton, Inc., Plaza Azteca Kennett Square, Inc., Plaza Azteca Plymouth Meeting, Inc., Plaza Azteca Great Neck, Inc., Plaza Azteca Jefferson, Inc. d/b/a Plaza Azteca Restaurante Mexicano (4), Plaza Azteca Suffolk, Inc., Plaza Azteca Granby St., Inc., PA Laskin, Inc., Plaza Azteca Short Pump, Inc., Don Valerio of Sterling, Inc. d/b/a Plaza Azteca Sterling, Plaza Azteca Broad, Inc., Plaza Azteca Dock Landing, Inc., Plaza Azteca Gaviotas, Inc., P.A. Glen Allen, Inc., Plaza Azteca Hampton, Inc., Martinez-Haygood, Inc. d/b/a Plaza Azteca Mexican Restaurante, PA Providence, Inc., PA Seminole Inc., Plaza Azteca Warwick, Inc. d/b/a Plaza Azteca (Newport News CI), PA Waynesboro, Inc., P.A. Westchester, Inc., PA Williamsburg, Inc., Plaza Azteca Yorktown, Inc., Plaza Azteca Inc. d/b/a Plaza Azteca Restaurante Mexicano (1), P.A. Leesburg, Inc., Plaza Azteca Denbigh, Inc., Plaza Azteca Norfolk Outlet, Inc., P.A. Midlothian, Inc., and Salsa's Thimble Shoals Inc.

to back-of-the-house employees, resulting in FLSA overtime, and in some cases minimum wage, violations.

3. Defendants attempted to disguise this unlawful policy or practice by creating false payroll records that purported to show that employees received an overtime premium when in reality they did not.

4. Defendant Leon, who has an ownership interest in every Plaza Restaurant, created PA Global, Inc., a Virginia corporation, to implement uniform practices, including practices that resulted in systemic FLSA violations, across the Plaza Restaurants.

5. Defendant Leon orchestrated, designed and monitored the unlawful payment practices at the Plaza Restaurants.

6. In addition, some of the Defendants violated the FLSA in other ways at certain Plaza Restaurants: for example, by failing to pay a cash wage to employees who worked only for tips and by improperly seizing employee tips.

## II.     JURISDICTION AND VENUE

7. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

8. Venue is proper in the United States District Court for the Eastern District of Virginia (Norfolk Division) pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

9. Plaintiff is authorized by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, to file suit to restrain violations of the Act and recover back wages and liquidated damages and is the proper plaintiff for this action.

## III.   DEFENDANTS

### A.  The Plaza Restaurants

10. The "Plaza Restaurants" are a nationwide chain of Mexican restaurants that employ various non-exempt servers, hosts, bartenders, busboys, runners, cooks, chefs, dishwashers, sous chefs, grill cooks, and guacamole preparers ("guacamoleros").

11. The primary duties of these employees are to wait on, serve, prepare food and drinks for Defendants' customers, and maintain a clean kitchen and facility.

12. The Plaza Restaurants are corporations that own and/or operate restaurants under the name "Plaza Azteca" at the following locations:

    a. PA Methuen, Incorporated – 552 Broadway, Methuen, MA 01844;
    b. Rebeco Mexican Bar and Grill Corp. – 353 Highland Avenue, Seekonk, MA 02771;
    c. Plaza Azteca Seekonk, Inc. – 353 Highland Avenue, Seekonk, MA 02771;
    d. Plaza Azteca Washington Mall, Inc. - 1010 Trinity Circle, Washington, PA 15301;
    e. Plaza Azteca Robinson Township, Inc. – 1000 Sutherland Dr., Pittsburgh, PA 15205;
    f. Plaza Azteca Lancaster, Inc. – 1700 Fruitville Pike, Lancaster, PA 17601;
    g. Plaza Azteca Wyomissing, Inc. – 955 Woodland Rd., Reading, PA 19610;
    h. Plaza State College, Inc. – 1550 South Atherton St., State College, PA 16801;
    i. Toro Buckland, LLC – 194 Buckland Hills Drive, Suite 1052, Manchester, CT 06042 and/or 170 Slater St., Manchester, CT 06042;
    j. Plaza Azteca of Manchester, Inc. – 170 Slater Street, Manchester, CT 06042;
    k. Plaza Azteca Newington, Inc. – 3260 Berlin Tpke., Newington, CT 06111;
    l. Plaza Azteca Enfield, Inc. – 39 Hazard Ave., Enfield, CT 06082;
    m. Monterey of California, Inc. – 22576-340 MacArthur Blvd., California, MD 20619 and/or 22201 Three Notch Rd., Lexington, MD 20653;
    n. P.A. Greenville Inc. – 400 Greenville Blvd., SW Greenville, NC 27834;
    o. PA OBX, Inc. – 1502 S. Croatan Hwy., Kill Devil Hills, NC 27984;
    p. Plaza Azteca Elizabeth City, Inc. – 3860 Patrick Way, Elizabeth City, NC 27909;
    q. Plaza Azteca Sicklerville, Inc. – 611 Cross Keys Rd., Sicklerville, NJ 08081;
    r. Plaza Azteca King of Prussia, Inc. – 153 S. Gulph Road, King Of Prussia, PA 19406;
    s. Plaza Azteca Exton, Inc. – 470 W. Lincoln Hwy., Exton, PA 19341;
    t. Plaza Azteca Kennett Square, Inc. – 186 Onix Dr., Kennett Square, PA 19348;

u.  Plaza Azteca Plymouth Meeting, Inc. – 351 Plymouth Rd., Plymouth Meeting, PA 19462;

v.  Plaza Azteca Great Neck, Inc. – 2272 W. Great Neck Road, Virginia Beach, VA 23451;

w.  Plaza Azteca Jefferson, Inc. – 12099 Jefferson Avenue, Newport News, VA 23606;

x.  Plaza Azteca Suffolk, Inc. – 1467 N Main St., Suffolk, VA 23434;

y.  Plaza Azteca Granby St., Inc. – 411 Granby St., Ste 10, Norfolk, VA 23510;

z.  PA Laskin, Inc. – 1824 Laskin Rd., Virginia Beach, VA 23454;

aa. Plaza Azteca Short Pump, Inc. – 6623 W Broad St, Richmond, VA 23230;

bb. Don Valerio of Sterling, Inc. – 45990 Waterview Plaza, Sterling, VA 20166;

cc. Plaza Azteca Broad, Inc. – 6623 W Broad St., Richmond, VA 23230;

dd. Plaza Azteca Dock Landing, Inc. – 2416 Dock Landing Rd., Chesapeake, VA 23321;

ee. Plaza Azteca Gaviotas, Inc. – 1249 Cedar Rd, Ste 110, Chesapeake, VA 23322;

ff.  P.A. Glen Allen, Inc. – 10099 Brook Rd., Glen Allen, VA 23059;

gg. Plaza Azteca Hampton, Inc. – 50 Town Center Way, Hampton, VA 23666;

hh. Martinez-Haygood, Inc. – 4501 Haygood Rd., Virginia Beach, VA 23455;

ii.  PA Providence, Inc. – 5209 Providence Rd., Virginia Beach, VA 23464;

jj.  PA Seminole Inc. – 101 Seminole Ct., Charlottesville, VA 22901;

kk. Plaza Azteca Warwick, Inc. – 12428 Warwick Blvd., Newport News, VA 23606;

ll.  PA Waynesboro, Inc. – 23 Windigrove Dr., Waynesboro, VA 22980;

mm.       P.A. Westchester, Inc. – 15801 WC Main St. Ste 405, Midlothian, VA 23113;

nn. PA Williamsburg, Inc. – 1430 High St., Williamsburg, VA 23185;

oo. Plaza Azteca Yorktown, Inc. – 5922 George Washington Mem. Hwy., Yorktown, VA 23692

pp. Plaza Azteca Inc. – 4292 Holland Rd., Virginia Beach, VA 23452;

qq. P.A. Leesburg, Inc. – 1608 Village Market Boulevard Southeast #120, Leesburg, VA 20175;

rr.  Plaza Azteca Denbigh, Inc. – 12755 Jefferson Ave., Newport News, VA 23602;

ss.  Plaza Azteca Norfolk Outlet, Inc. – 1600 Premium Outlet Blvd., Norfolk, VA 23502;

tt.  P.A. Midlothian, Inc. – 13900 Michaux View Way, Midlothian, VA 23123; and,

uu. Salsa's Thimble Shoals Inc. – 704 Mariners Row Suite 110, Newport News, VA 23606.

13. The Plaza Restaurants created, adopted, and maintained common policies and procedures.

14. Those common policies and procedures related to marketing, logos, advertising, compensation and payroll administration, staffing, and training.

15. These common policies and procedures were created, adopted, and/or maintained at the

direction of individuals who oversaw all of the Plaza Restaurants, including Defendant Leon.

**B.  Ruben Leon**

16. At all relevant times, Defendant Leon was an owner and/or officer of all of the Plaza Azteca restaurants listed above.

17. At all relevant times, Defendant Leon resided in Virginia Beach, Virginia, within the jurisdiction and venue of this Court.

18. Defendant Leon made decisions regarding pay practices and policies that applied to all of the Plaza Restaurants.

19. Defendant Leon implemented those practices and policies.

20. Defendant Leon made decisions regarding and/or implemented practices and/or policies that violated the FLSA.

21. For example, Defendant Leon was involved in the establishment and implementation of the policy or practice of paying a predetermined amount to back-of-the house employees with no overtime premium, which applied to all of the Plaza Restaurants.

22. Defendant Leon dictated and implemented the employment policies and practices for all Plaza Azteca Restaurants at issue in this matter; hired some employees including the managers for each restaurant location, some of the back-of-the-house and other workers, and the head chef and general manager for all restaurant locations. And, he also oversaw the activities of the restaurants. Mr. Leon acted directly and indirectly in the Plaza Restaurants' interest in relation to their employees and was an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

### C.  Jose Rafael Flores

23. Defendant Jose Rafael Flores is, and at all relevant times was, an owner of Plaza State College, Inc.

24. Defendant Flores was involved in, and shared responsibility for, policies that resulted in Plaza State College, Inc. paying its employees less than the FLSA-required minimum wage and overtime premium.

25. Defendant Flores has actively supervised and directed employment practices.

26. Defendant Flores has exercised hiring and firing authority and he approved hiring decisions on behalf of the company.

27. For example, Defendant Flores hired manager Hector Peña.

28. Defendant Flores was also responsible for enforcing various compensation policies, including policies relating to employee tips.

29. Defendant Flores acted directly or indirectly in the interest of Plaza State College, Inc. in relation to its employees at all relevant times and was an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

### D.   Juan Pablo Gonzalez

30. Defendant Juan Pablo Gonzalez is, and at all relevant times was, an owner of Plaza Azteca Myerstown, Inc. and Plaza Azteca Lancaster, Inc.

31. Defendant Juan Pablo Gonzalez is, and at all relevant times was, the manager at Plaza Azteca Wyomissing, Inc.

32. Defendant Gonzalez was involved in, and shared responsibility for, policies that resulted in Plaza Azteca Wyomissing, Inc. paying its employees less than the FLSA-required minimum wage and overtime premium.

33. Defendant Gonzalez has actively supervised employees, directed employment practices and acted directly or indirectly in the interest of Defendant Plaza Azteca Wyomissing, Inc. in relation to its employees at all times relevant herein.

34. Defendant Gonzalez has exercised hiring and firing authority and approved hiring decisions on behalf of the company.

35. Defendant Gonzalez was also responsible for enforcing various compensation policies, including policies relating to employee tips.

36. Defendant Gonzalez was responsible for some server employees at Plaza Azteca Wyomissing, Inc. receiving no cash wage whatsoever.

37. Defendant Gonzalez acted directly or indirectly in the interest of Plaza Azteca Wyomissing, Inc. in relation to its employees at all relevant times and was an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**E.** **Defendants Constitute a Single Enterprise under the Act**

38. Defendants' business activities, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

39. Defendants are engaged in the commercial restaurant business for profit, sharing the same "Plaza Azteca" name, and largely sharing the same logo, signage, marketing, menus, and restaurant formats, and having unified ownership, operation, and control.

40. On or about July 8, 2016, Defendant Leon created PA Global, Inc., a Virginia corporation with a principal office located at 12099 Jefferson Avenue, Newport News, Virginia 23606 and a registered office at 1557 Winthrope Dr., Newport News, Virginia 23602.

41. Defendant Leon is, and was during the relevant period, PA Global, Inc.'s president.

42. Under Defendant Leon's direction, PA Global, Inc. hired contractors to implement uniform practices across the Plaza Restaurants.

43. Those uniform practices included practices concerning payroll and timekeeping.

44. On or about December 2016, the Plaza Restaurants contracted with PA Global, Inc. to, among other things:

    a. Train management employees, and

    b. Procure contracts and retain "professional services," including a common payroll service provider called "Gerencia Virtual."

45. PA Global, Inc. went on to secure common arrangements on behalf of the Plaza Restaurants, including:

    a. Medical insurance for some management employees,

    b. Waste collection services,

    c. Gift cards, and

    d. Checking accounts.

46. The Plaza Restaurants utilized the payroll service "Gerencia Virtual."

47. The Plaza Restaurants sent records of employees' hours worked to "Gerencia Virtual."

48. The Plaza Restaurants used "Gerencia Virtual" to prepare payrolls.

49. Defendants have employed and are employing employees in and about their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on products, goods or materials that have been moved in or produced for commerce, such as restaurant supplies and alcohol.

50. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

51. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## IV.   FACTS COMMON TO ALL CLAIMS

### A.   Defendants' Uniform Practice of Paying a Predetermined Amount to Back-of-the-House Employees Violated the Overtime Provisions of the Act (All Defendants)

52. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing many of their back-of-the-house employees (including, but not limited to, cooks, chefs, food runners, dishwashers, chip runners/guacamoleros, and busboys) for workweeks longer than 40 hours without compensating the employees for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

53. During the time period from at least March 10, 2016 through at least December 20, 2020, Defendants failed to pay many of their back-of-the-house employees the overtime premium of one and one-half times the regular rates at which the employees were employed for their hours worked over 40 hours per workweek.

54. At the Plaza Azteca restaurants identified above, many back-of-the-house employees regularly worked more than 40 hours in a workweek.

55. Most back-of-the-house employees at the Plaza Restaurants worked between approximately 56 and 65 hours per workweek.

56. At Plaza State College, Inc., back-of-the-house employees regularly worked

approximately 56 hours per workweek.

57. At Plaza Azteca Washington Mall, Inc., back-of-the-house employees regularly worked approximately 65 hours per workweek.

58. At Plaza Azteca Lancaster, Inc, back-of-the-house employees regularly worked approximately 63 hours per workweek.

59. At PA Methuen, Incorporated, back-of-the-house employees regularly worked approximately 60 hours per workweek.

60. The Plaza Restaurants paid many of their back-of-the-house employees a predetermined amount, typically a predetermined "net" amount, for all hours worked per workweek.

61. The Plaza Restaurants paid back-of-the-house employees this predetermined amount regardless of the total hours the employees worked per workweek.

62. The Plaza Restaurants paid back-of-the-house employees this predetermined amount regardless of the number of hours the employees worked in excess of 40 per workweek.

63. For example, Defendants paid many back-of-the-house employees a predetermined net amount, but made it appear as though employees were receiving an hourly wage and an overtime premium.

64. In at least one case, Defendants simply paid a cook who worked overtime a set salary regardless of the hours worked in excess of 40 hours per workweek.

65. By paying back-of-the-house employees predetermined amounts for all hours worked in a workweek, including overtime hours, Defendants failed to pay those employees one and one-half times their regular rates of pay for each hour worked over 40 in a workweek, as the FLSA requires.

66. The Plaza Restaurants reported the predetermined rates to their common payroll provider.

67. At the direction of Defendants, the payroll provider often manipulated the rates of pay or hours worked, or added a non-discretionary bonus (not included in the regular rate of pay).

68. Those manipulations made it appear on payroll records as though Defendants were paying overtime compensation to employees in compliance with the Act, but instead, employees typically received a predetermined "net" amount.

69. This payroll practice was common throughout the Plaza Restaurants.

70. Defendants are liable for the payment of unpaid overtime compensation and an equal amount in liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

71.  Defendants should also be enjoined under Section 17 of the Act, 29 U.S.C. § 217, from violating the overtime provisions of the Act, including being restrained from withholding the back wages that they owe employees.

**B. Defendants' Uniform Practice of Paying a Predetermined Amount to Back-of-the-House Employees Violated the Minimum Wage Provisions of the Act (All Defendants)**

72. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by employing many of their back-of-the-house employees (including, but not limited to, cooks, chefs, food runners, dishwashers, chip runners/guacamoleros, and busboys) at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act, 29 U.S.C. § 206.

73. During the time period from at least March 10, 2016 through at least December 20, 2020, Defendants paid many employees at some of the Plaza Restaurants at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act, 29 U.S.C. § 206.

74. The predetermined wage amounts Defendants paid to back-of-the-house employees,

when divided by the number of hours these employees worked during a workweek, resulted in the hourly wage rates for these employees sometimes falling below the federal minimum wage of $7.25 per hour during certain workweeks.

75. Many back-of-the-house employees received between $3.00 and $7.00 per hour in some workweeks for every hour that they worked.

76. Under Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), Defendants were required to pay these employees the federal minimum wage of $7.25 per hour.

77. Defendants are liable for the payment of unpaid minimum wages and an equal amount in liquidated damages under Section 16(c) the Act, 29 U.S.C. § 216(c).

78. Defendants should also be enjoined under Section 17 of the Act, 29 U.S.C. § 217, from violating the minimum wage provisions of the Act, including being restrained from withholding the back wages that they owe employees.

**C. Defendants Violated the Recordkeeping Provisions of the Act (All Defendants)**

79. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

80. In violation of 29 C.F.R. § 516.2(a)(7), Defendants failed to maintain time records for many of their back-of-the-house employees, including:

   a.   The number of hours worked each workday, and

   b.   The total amount of hours these employees worked each workweek.

81. At many Plaza Restaurants, the time records maintained were inaccurate.

14

82. Defendants also failed to record the daily or weekly straight-time earnings for many of their back-of-the-house employees and failed to record the total premium pay for overtime hours, in violation of 29 C.F.R. § 516.2(a)(8)–(9).

83. Further, Defendants failed to make, keep, and preserve records containing many of their back-of-the-house employees' full names, home addresses, occupations, dates of payment, and/or cash payments received, in violation of 29 C.F.R. § 516.2(a)(1)–(2), (4), and (11)–(12).

84. Finally, some workers, such as back-of-the-house employees, were kept "off the books" entirely.

**D. Defendants' Violations of the Act Were Willful (All Defendants)**

85. Defendants either knew or acted with reckless disregard as to whether their compensation practices at the Plaza Restaurants violated the minimum wage and overtime provisions of the Act.

86. Defendants' conduct arose out of Defendants' uniform policies applied throughout the Plaza Restaurants.

87. Defendants purposefully manipulated or caused to be manipulated payroll records so those records would appear to show compliance with the Act.

88. On at least 21 occasions prior to the investigations that led to this lawsuit, the Department of Labor has investigated Defendant Leon and/or at least one of the Plaza Restaurants.

89. During those prior investigations, the Wage and Hour Division informed Defendant Leon and several of the Plaza Restaurants that they violated Sections 6, 7, 11, and/or 12 of the Act, 29 U.S.C. §§ 206, 207, 211, and/or 212, and that employees were due back wages as a result of the Section 6 and Section 7 violations.

90. Defendant Leon and/or at least one of the Plaza Restaurants paid back wages due because of these violations.

91. In addition, and on at least two prior occasions in 2013 and 2014, employees who worked as tipped employees and/or back-of-the-house employees at two Plaza Restaurants sued Defendants Leon and at least one of the Plaza Restaurants for back wages.

92. The lawsuits alleged minimum wage, overtime, and recordkeeping violations of the Act.

## V. FACTS SPECIFIC TO CERTAIN PLAZA RESTAURANTS

### A. Plaza State College, Inc.

93. Defendant Plaza State College, Inc. is a Pennsylvania corporation that operates a full-service restaurant and bar business at 1550 South Atherton Street, State College, Pennsylvania 16801.

#### 1. Additional Violations of the Minimum Wage Provisions of the Act (Defendants Leon, Flores, and Plaza State College, Inc.)

94. Defendant Leon, Defendant Flores, and Defendant Plaza State College, Inc., willfully violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees employed as servers at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act, 29 U.S.C. § 206. Therefore, Defendants Leon, Flores, and Plaza State College, Inc. are liable for the payment of unpaid minimum wages and an equal amount in liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

95. Defendants should also be enjoined under Section 17 of the Act, 29 U.S.C. § 217, from violating the minimum wage provisions of the Act, including being restrained from withholding the back wages that they owe employees.

96. During the time period from at least March 10, 2016, through at least December 20, 2020, Defendants Leon, Flores, and Plaza State College, Inc. failed to pay any cash wages whatsoever to some of their tipped employees, such as servers, in violation of Section 6 of the Act, 29 U.S.C. § 206.

97. During the time period from at least March 10, 2016, through at least December 20, 2020, Defendants Leon, Flores, and Plaza State College, Inc. paid some servers $2.83 per hour and claimed a tip credit for the difference between the federal minimum wage of $7.25 per hour and the cash wage of $2.83 per hour.

98. At the end of each shift, servers were required to pay a percentage of their net sales to Defendants Leon, Flores, and Plaza State College, Inc.

99. The money seized from servers' daily net sales was collected by management and then deposited in Plaza State College, Inc.'s bank account. The money seized from servers was not used in furtherance of a valid tip pool.

100. Defendants Leon, Flores, and Plaza State College, Inc., also failed to properly inform tipped employees of their intention to claim a tip credit under Sections 3(m) and 6 of the Act, 29 U.S.C. §§ 203(m) and 206, and 29 C.F.R. § 531.59(b).

101. Because Defendants Leon, Flores, and Plaza State College, Inc. paid some server employees $2.83 per hour and cannot claim the tip credit for the reason described above, they failed to pay their employees the $7.25 minimum wage required by the FLSA.

102. This unauthorized use of an employee's tips is a deduction from the wages paid to employees and must be returned to them under Section 6 of the Act, 29 U.S.C. § 206, and as prescribed under 29 C.F.R. § 531.59(b).

**2.  Violations of the Prohibition on Taking Tips after March 23, 2018 (Defendants Leon, Flores, and Plaza State College, Inc.)**

103. Defendants Leon, Flores, and Plaza State College, Inc.'s practice of seizing an amount from the tipped employees' net sales and depositing these amounts in the restaurant's bank account after March 23, 2018, also willfully violated Section 3(m)(2)(B) of the Act, 29 U.S.C. § 203(m)(2)(B), which states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

104. Pursuant to Section 16(c)29 U.S.C. § 216(c), for the period from March 23, 2018 through at least December 20, 2020, Defendants Leon, Flores, and Plaza State College, Inc., are liable for the amount of any tip credit taken as well as all tips they unlawfully kept, and an additional equal amount as liquidated damages.

**3. Additional Violations of the Overtime Provisions of the Act (Defendants Leon, Flores, and Plaza State College, Inc.)**

105. Defendant Leon, Defendant Flores, and Defendant Plaza State College, Inc. willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees employed as servers, assistant managers and/or bartenders for workweeks longer than those prescribed in Section 7 of the Act, 29 U.S.C. § 207, without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

106. For example, during the time period from at least March 10, 2016, through at least December 20, 2020, those Defendants failed to pay the overtime premium of one and

one-half times the regular rates of pay for hours worked in excess of 40 hours in a workweek to servers. These servers received only tips and no wages, regardless of their hours worked.

107. As described above, Defendant Leon, Defendant Flores, and Defendant Plaza State College, Inc. failed to properly inform tipped employees that they intended to claim a tip credit. Accordingly, the servers at Plaza State College, Inc. must be paid the $7.25 minimum wage required by the FLSA.

108. When these employees worked in excess of 40 hours in a workweek the overtime premium due is one and one-half the $7.25 per hour rate. Defendant Leon, Defendant Flores, and Defendant Plaza State College, Inc. failed to pay servers the proper overtime premium rate.

109. Further, during the time period from at least March 10, 2016, through at least December 20, 2020, those Defendants failed to pay at least one bartender the overtime premium of one and one-half times the regular rate for hours worked in excess of 40 hours in a workweek. This bartender regularly worked approximately 56 hours per workweek.

110. The bartender was primarily responsible for bartending and received a fixed salary with no overtime premium.

111. Defendants Leon, Flores, and Plaza State College, Inc. are liable for the payment of unpaid overtime wages and an equal amount in liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

112. Defendants Leon, Flores, and Plaza State College, Inc. should also be enjoined under Section 17 of the Act, 29 U.S.C. § 217, from violating the overtime provisions of the Act, including being restrained from withholding the back wages that they owe employees.

19

**4. Additional Violations of the Recordkeeping Provisions of the Act (Defendants Leon, Flores, and Plaza State College, Inc.)**

113. Defendants Leon, Flores, and Plaza State College, Inc. willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5),  in that they failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

114. In violation of 29 C.F.R. § 516.2(a)(7),  Defendants Leon, Flores, and Plaza State College, Inc. failed to maintain time records for many servers, including:

    a.   The number of hours worked each workday, and

    b.   The total amount of hours these employees worked each workweek.

115. Defendants Leon, Flores, and Plaza State College, Inc. also failed to record the wages received by some tipped employees, the amount of tips collected from tipped employees' net sales and the amount of tips management received from servers and other tipped employees which it allegedly shared with other employees in violation of 29 C.F.R. § 516.28(a).

116. Further, Defendants Leon, Flores, and Plaza State College, Inc. failed to make, keep, and preserve records containing employees' full names, home addresses, occupations, dates of payment and/or cash payments received in violation of 29 C.F.R. § 516.2(a)(1)–(2), (4), and (11)–(12).

117. Finally, some workers, such as servers, who were paid no cash wage whatsoever were kept "off the books" entirely.

**5. Additional Violations of the Minimum Wage, Overtime and Recordkeeping Provisions of the Act (Defendant Flores)**

118. Defendant Flores also willfully violated Sections 6, 7, and 11(c) of the Act, 29 U.S.C.

§§ 206, 207, and 211(c), as a result of paying a predetermined amount to back-of-the-

house employees and as described in greater detail in Sections IV.A, B, C, and D of this

Complaint.

**B. Plaza Azteca Wyomissing, Inc.**

119. Defendant Plaza Azteca Wyomissing, Inc. is a Pennsylvania corporation that operates a

full-service restaurant and bar business at 955 Woodland Rd, Reading, Pennsylvania

19610.

**1. Additional Violations of the Minimum Wage Provisions of the Act (Defendants Leon, Gonzalez and Plaza Azteca Wyomissing, Inc.)**

120. Defendant Leon, Defendant Gonzalez, and Defendant Plaza Azteca Wyomissing, Inc.,

willfully violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206

and 215(a)(2), by paying their employees employed as servers at rates less than the

applicable statutory minimum rate prescribed in Section 6 of the Act, 29 U.S.C. § 206.

Therefore, Defendants Leon, Gonzalez, and Plaza Azteca Wyomissing, Inc., are liable for

payment of unpaid minimum wages and an equal amount in liquidated damages under

Section 16(c) of the Act, 29 U.S.C. § 216(c).

121. Defendant Leon, Defendant Gonzalez, and Defendant Plaza Azteca Wyomissing, Inc.

should also be enjoined under Section 17 of the Act, 29 U.S.C. § 217, from violating the

minimum wage provisions of the Act, including being restrained from withholding the

back wages that they owe employees.

122. During the time period from at least March 10, 2016, through at least December 20, 2020, Defendants Leon, Gonzalez, and Plaza Azteca Wyomissing, Inc., failed to pay any cash wages whatsoever to some of their tipped employees, such as servers, in violation of Sections 3(m) and Section 6 of the Act, 29 U.S.C. §§ 203(m) and 206.

123. During the time period from at least March 10, 2016, through at least December 20, 2020, Defendant Leon, Defendant Plaza Azteca Wyomissing Inc., and Defendant Gonzalez paid some servers $2.83 per hour and claimed a tip credit for the difference between the minimum wage of $7.25 per hour and the cash wage of $2.83 per hour.

124. Defendant Leon, Defendant Plaza Azteca Wyomissing Inc., and Defendant Gonzalez failed to properly inform tipped employees of their intention to claim a tip credit under Sections 3(m) and 6 of the Act, 29 U.S.C. §§ 203(m) and 206, and 29 C.F.R. § 531.59(b).

125. Because Defendants Leon, Gonzalez, and Plaza Azteca Wyomissing, Inc., paid some servers $2.83 per hour and cannot claim the tip credit for the reason described above, they failed to pay their employees the $7.25 minimum wage required by the FLSA.

**2. Additional Violations of the Overtime Provisions of the Act (Defendants Leon, Gonzalez, and Plaza Azteca Wyomissing, Inc.)**

126. Defendant Leon, Defendant Gonzalez, and Defendant Plaza Azteca Wyomissing, Inc. willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees employed as servers, assistant managers and/or bartenders for workweeks longer than those prescribed in Section 7 of the Act, 29 U.S.C. § 207, without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, said Defendants are liable for the payment of unpaid

22

overtime compensation and an equal amount in liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

127. Defendant Leon, Defendant Gonzalez, and Defendant Plaza Azteca Wyomissing, Inc. should also be enjoined under Section 17 of the Act, 29 U.S.C. § 217 from violating the overtime provisions of the Act, including being restrained from withholding the back wages that they owe employees

128. For example, during the time period from at least March 10, 2016, through at least December 20, 2020, those Defendants failed to pay the overtime premium of one and one-half times the regular rate for hours worked in excess of 40 hours in a workweek to servers.

129. Servers who received no wages, regardless of their hours worked, were not paid any overtime premium.

130. During this same time period, these Defendants paid other server employees at their straight-time tip credit rate for all hours worked in excess of 40 hours in a workweek.

131. As described above, Defendant Leon, Defendant Gonzalez, and Defendant Plaza Azteca Wyomissing, Inc. failed to properly inform servers that they intended to claim a tip credit. Accordingly, the servers at Plaza Azteca Wyomissing, Inc. must be paid the $7.25 minimum wage required by the FLSA.

132. When these employees worked in excess of 40 hours in a workweek the overtime premium due is one and one-half the $7.25 per hour rate. Defendant Leon, Defendant Gonzalez, and Defendant Plaza Azteca Wyomissing, Inc. failed to pay servers the proper overtime premium rate.

**3.  Additional Violations of the Recordkeeping Provisions of the Act (Defendants Leon, Gonzalez, and Plaza Azteca Wyomissing, Inc.)**

133. Defendants Leon, Gonzalez, and Plaza Azteca Wyomissing, Inc. willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

134. In violation of 29 C.F.R. § 516.28(a), Defendants Leon, Gonzalez, and Plaza Azteca Wyomissing, Inc., also failed to record, among other things, the amount of wages received by some tipped employees, the amount of tips collected from some tipped employees' net sales, and the amount of tips management received from some servers and other tipped employees which it allegedly shared with other employees.

135. Further, Defendants Leon, Gonzalez, and Plaza Azteca Wyomissing, Inc., failed to make, keep, and preserve records containing some employees' full names, home addresses, occupations, dates of payment and/or cash payments received in violation of 29 C.F.R. § 516.2(a)(1)–(2), (4), and (11)–(12).

136. Finally, some workers, who were paid no cash wage, were kept "off the books" entirely.

**4. Additional Violations of the Minimum Wage, Overtime and Recordkeeping Provisions of the Act (Defendant Gonzalez)**

137. Defendant Juan Pablo Gonzalez also willfully violated Sections 6, 7 and 11, 29 U.S.C. §§ 206, 207, and 211, as a result of paying a predetermined amount to back-of-the-house employees and as described in greater detail in Sections IV.A, B, C, and D of this Complaint.

24

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants:

(1)     For an injunction issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5);

(2)     For judgment pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation, as well as the sum of any tip credit taken and all tips unlawfully kept, due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 10, 2016 through at least December 20, 2020, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after December 20, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

(4)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:

**UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202-5450
(202) 693-9359 (voice)
(202) 693-9392 (fax)
france.angela.h@dol.gov

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Maia S. Fisher
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Adam F. Welsh
Wage and Hour Counsel

Mark A. Pedulla
Counsel for Wage and Hour

Emily V. Wilkinson
Trial Attorney

/s/ Angela H. France
Angela H. France
VA State Bar #46862
Trial Attorney

M. del Pilar Castillo
Senior Trial Attorney
Castillo.m.pilar@dol.gov
PA Bar ID No. 311215
(215) 861.5186 (Direct Dial)

September 21, 2021

*Pro Hac Vice* Application Forthcoming

26

Bertha M. Astorga, Esq.
Trial Attorney
PA Bar ID No. 320644
Astorga.bertha.m@dol.gov
(215) 861.5126 (Direct Dial)
*Pro Hac Vice* Application Forthcoming