IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LORI CHAVEZ-DEREMER,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiffs,

v.   CIVIL ACTION NO. 2:21-cv-531

PLAZA AZTECA YORKTOWN, INC.,
PLAZA AZTECA HAMPTON, INC., and
RUBEN LEON,

    Defendants.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Lori Chavez-Deremer[1], Secretary of the United States Department of Labor's ("the Secretary") Motion and Memorandum in Support for Attorneys' Fees and Investigative Costs. ECF Nos. 123, 124 ("Mot.") ("Mem. Supp."). Defendants Plaza Azteca Yorktown ("Plaza Yorktown"), Plaza Azteca Hampton ("Plaza Hampton"), and Ruben Leon ("Mr. Leon") (collectively, "Defendants") oppose the Motion. ECF No. 138 ("Resp. Opp'n). The Secretary replied. ECF No. 141 ("Reply"). The Court has read the memoranda of the parties, and this matter is ripe for judicial determination. For the reasons stated herein, the Court **DEFERS** its findings until the matter has concluded.

    **I.**    **FACTUAL AND PROCEDURAL HISTORY**

Ruben Leon has an ownership interest in each of the Plaza Azteca locations involved in this case. Responses to Requests for Admission, ECF No. 71-4 at 6 ("Resp. to RFA"). On September 21, 2021, the Secretary filed a complaint against 45 Plaza Azteca locations and their

---

[1] Since the filing of the case, Lori Chavez-Deremer was appointed the Secretary of Labor. She is therefore automatically substituted as a party pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

operators. ECF No. 1 ("Compl."). The Complaint alleged violations of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA" or the "Act"). *Id.*

On September 26, 2023, the Court issued an Amended Consent Judgment and Order in which Defendants admitted to violations of the Act. ECF No. 81 ("Consent Judgment"). The Consent Judgment enjoined and restrained Defendants from violating the FLSA. *Id.* The Consent Judgment required Defendants to:

(1) pay minimum wages in accordance with Sections 6 and 15(a)(2) of the FLSA;

(2) pay overtime in accordance with Sections 7 and 15(a)(2) of the FLSA;

(3) keep adequate records of wages, hours, and other employment practices in accordance with Section 11(c) of the Act;

(4) cooperate with the Department of Labor in any investigation conducted pursuant to Section 11(a) of the Act; and prohibited Defendants from

(5) not employ children in oppressive child labor conditions as defined by Section 12 of the FLSA.

*Id.* ¶ 1(a)–(e).

According to the Secretary's Memorandum in Support of her Motion for Contempt, in September 2024, WHD obtained information of possible child labor violations at Plaza Hampton. ECF No. 84. WHD visited Plaza Hampton on September 9, 2024, but they were turned away after Defendants' counsel told WHD they must provide advance notice and schedule an appointment. *Id.* at 6. WHD applied for a search warrant and executed the search warrant on September 14, 2024. *Id.* The warrant execution team included nine investigators. *Id.* WHD investigators interviewed employees, inspected the kitchen, and reviewed schedules. *Id.* They inquired about the ages of the employees who worked there. *Id.* at 7.

On November 8, 2024, the Secretary filed a Motion to Adjudge Plaza Yorktown, Plaza Hampton, and Ruben Leon in Civil Contempt. ECF No. 83. On January 23 and 24, 2025, the Court held a hearing on this matter. ECF Nos. 110, 111. The parties requested to submit supplemental briefs in lieu of closing arguments. The Court ordered the parties to submit simultaneous supplemental briefs no later than thirty days after receipt of the hearing transcript. ECF No. 112. The Secretary and Defendants submitted post-hearing briefs. ECF Nos. 115, 116.

On May 21, 2025, the Court issued a Memorandum Opinion and Order granting the Secretary's Motion and issued a subsequent Order detailing the relief granted. ECF Nos. 121, 122. The Order required the Secretary "to submit a separate reasonable fees motion detailing the attorneys' fees and investigative costs associated with the warrant and preparation of the Contempt Motion" within thirty days of the Order. ECF No. 122. On June 18, 2025, the Secretary filed the instant Motion and Memorandum in Support. ECF Nos. 123, 124. The Magistrate Judge denied Defendants' Motion for Extension of time to file a Response in Opposition. ECF No. 131. Defendants filed a Notice of Appeal to the Court's May 21, 2025, Order before filing their Response in Opposition to the Secretary's Motion. ECF Nos. 133, 138.

## II. LEGAL STANDARD

"Reasonableness is the touchstone of any award of attorneys' fees and expenses." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and

3

need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

To calculate an award for attorneys' fees, the Court must determine a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998); *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Supreme Court has stated there is a "strong presumption" that the lodestar figure represents a reasonable attorney's fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining the reasonable hours expended and a reasonable hourly rate, the Fourth Circuit held that the *Johnson* factors must be applied. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorneys due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Trimper v. City of Norfolk, Va.*, 846 F.Supp. 1295, 1303 (E.D.Va.1994), *aff'd*, 58 F.3d 68 (4th Cir.1995) ("there is no strict manner in which the factors are to be considered and applied.").

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further,

4

"[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

Defendants argue that the Court lacks jurisdiction to decide the fee petition while the contempt appeal is pending. Resp. Opp'n at 4. Defendants argue that the appeal raises dispositive issues, including whether contempt was proper. *Id.* They argue that if the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") reverses or narrows the Court's finding then the fee award will change. *Id.* Defendants argue that this jurisdictional bar warrants holding the fee petition in abeyance. *Id.*

The Secretary argues that the Court's jurisdiction remains intact. Reply at 18. The Secretary argues that the May 21, 2025, Order was not a "final" order for purposes of appeal. *Id.* The Secretary submits that the contempt order is not final until the Court determines the amount of the sanction, including attorneys' fees and investigative fees. *Id.*

#### A. The Court's Jurisdiction to Decide the Fee Petition

Defendants' timely appeal did not divest the Court of jurisdiction to decide the fee petition. Courts of appeals "have jurisdiction from all *final* decisions of the district courts of the United States." 18 U.S.C. § 1291 (emphasis added). The Court's decision here is not final until the Court handles the issues of attorneys' fees and investigative costs.

Defendant cites *Mountain Valley Pipeline, LLC v. 8.37 Acres of Land by Terry*, 101 F.4th 350 (4th Cir. 2024) for the proposition that "[u]nder well-settled Fourth Circuit precedent," the pending appeal "divests this Court of jurisdiction to adjudicate a fee motion that is bound up with the issues on appeal." Resp. Opp'n at 4. Defendants are mistaken. Defendants do not address the

5

sentence immediately preceding the sentence they cite, which states that the Fourth Circuit has held "that a district court retains jurisdiction to decide an attorney's fees motion *if* the issue of attorney's fees is separate from the merits of the appeal." *Mountain Valley Pipeline, LLC*, 101 F.4th at 360 (citing *Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1331 (4th Cir. 1987)). Unlike the district court in *Mountain Valley Pipeline, LLC*, the Court has not completely addressed attorneys' fees.[2] Here, the Court simply determined that the Secretary is entitled to attorneys' fees. The Court has yet to determine the extent of them.

A motion for attorneys' fees "merely seeks what is due because of the judgment." *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 452 (1982). It does not imply a change in it. *Id.* Attorneys' fees "are not compensation for the injury giving rise to the action and thus are not an element of relief." *Langham-Hill Petroleum Inc.*, 813 F.2d at 1331 (citing *White*, 455 U.S. at 452). A request for attorneys' fees raises issues collateral to the main cause of action. *Id.*

Defendants cite "piecemeal review" and judicial economy as another reason to hold off on ruling on the Secretary's Motion. Resp. Opp'n at 4. But piecemeal review can be avoided when "district courts promptly hear and decide claims to attorney's fees." *Langham-Hill Petroleum Inc.*, 813 F.2d at 1331. Deciding the Secretary's Motion swiftly "will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits." *Art Janpol Volkswagen, Inc. v. Fiat Motors of N. Am., Inc.*, 767 F.2d 690, 697 (10th Cir. 1985); *Langham-Hill Petroleum Inc.*, 813 F.2d at 1331 (citing *White*, 455 U.S. at 454). In other words, the Court will deal with the issues now so that the Fourth Circuit can assess the Court's conclusions in one fell swoop. If Defendants prevail on appeal, the Court can assess all the issues on remand, and if

---

[2] There, the district court denied the motion for attorneys' fees. *Mountain Valley Pipeline, LLC v. 8.37 Acres of Land, Owned by Terry*, 669 F. Supp. 3d 567, 570 (W.D. Va. 2023).

Defendants do not prevail, the matter will be settled. Accordingly, the Court retains jurisdiction to hear the Secretary's claim.

### B. Reasonableness of Attorneys' Fees

The Court may have jurisdiction to decide the Secretary's fee petition. But in the interest of judicial economy and prudence, the Court will wait to rule on this matter until it has concluded. If the Secretary prevails on appeal, she will likely seek more attorneys' fees. And if Defendants prevail, the Fourth Circuit may reverse or narrow the Court's decision, necessarily changing the attorneys' fees calculation. Judicial economy counsels against deciding the Secretary's motion at this juncture.

So does judicial prudence. The Secretary must provide supporting affidavits to support her claim for certain hourly rates. Additionally, the Secretary "must submit 'satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *E. Associated Coal Corp. v. Dir., Off. of Workers' Comp. Programs*, 724 F.3d 561, 571 (4th Cir. 2013) (citing *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). Defendants argue that the rates the Secretary requests are "disconnected from any reality in which the federal government compensates attorneys on a fee-for-service basis. Government lawyers do not charge clients, do not maintain market billing rates, and do not compete in the private legal marketplace." Resp. Opp'n at 6.

But the Court must still determine the prevailing market rate here. *E. Associated Coal Corp.*, 724 F.3d at 572. Indeed, the Supreme Court has held that "reasonable fees" must be "calculated according to the prevailing market raise in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The Supreme Court "[e]xplicitly reject[ed] the contention that publicly funded legal

7

services organizations should receive fees based on a rate below market rates." *Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987) (citing *Blum*, 465 U.S. at 892–93). The Secretary's attorneys, who "essentially rely on fee shifting statutes, must depend on local rates for similar work," even when they have "no conventional hourly billing rate and would have received no fee from its clients." *Student Pub. Int. Rsch. Grp. of New Jersey, Inc. v. AT & T Bell Lab'ys*, 842 F.2d 1436, 1438 (3d Cir. 1988) (citing *Blum*, 465 U.S. at 886).

To determine the proper hourly rate, the Court must assess whether the Secretary met her burden of providing "specific evidence of the prevailing market rates in the relevant community for the type of work" the Secretary performed. *Depaoli v. Vacation Sales Assocs., L.L.C.*, 489 F.3d 615, 622 (4th Cir. 2007) (internal quotation marks and citation omitted). The Fourth Circuit has held that affidavits of other local attorneys "who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" is sufficiently specific. *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 245 (4th Cir. 2009).

The Secretary does not provide affidavits of other local attorneys in the Hampton Roads area who are familiar with the type of work at issue here. With nothing more than a few suggested matrices to work with, the Court is rendered incapable of assessing the reasonableness of the hourly rate the Secretary requests. *See* Mem. Supp. at 3. The Court can neither calculate the lodestar fee nor determine the number of hours reasonably expended by counsel on a given task. Moreover, the Secretary's time logs are plainly deficient. The most (but not only) glaring issue the Court notices is block billing, or the failure to specifically identify what work a lawyer performed in a given entry. The Secretary's entries "present a significant barrier to a reasonableness review." *Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 621 (E.D. Va. 2015).

## IV. CONCLUSION

For the foregoing reasons, the Court **DEFERS** its findings on the Secretary's Motion for Attorneys' Fees and Investigative Costs. ECF No. 123. The Court **GRANTS** the Secretary leave to amend the Motion for Attorneys' Fees and Investigative Costs consistent with this Memorandum Opinion and Order within **THIRTY (30) DAYS** of the date of this Order.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 14, 2025

Raymond A. Jackson
United States District Judge